[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter being a claim of dissolution of the marriage was returned to court on May 7, 1996.
The matter was tried before this court in a trial lasting the greater part of two days, being the 11th and 12th of December 1996.
Both the plaintiff and the defendant gave testimony and evidence as did other witnesses.
The plaintiff, Elsa W. Rocco, and the defendant were married on August 31, 1957 at Naples, Italy. Of this marriage there were four (4) children, three of whom are over the age of majority and one of whom died in 1980. Of the three (3) living, issue of this marriage, one son, Rudolph, is in his thirties and is retarded. The plaintiff cares for this son who cannot live independently.
At issue in this dissolution of marriage action are the parties' competing contentions as to how the property should be divided.
The wife, while a graduate of medical school, has never practiced. This couple met while both were medical students at the University of Naples Medical College. She was a native Italian, he was an American studying in Italy.
The plaintiff wife is 67 years old. She does not speak English fluently, has occupied herself almost entirely during the marriage as a mother and housewife. CT Page 6604
The defendant is 70 years old, in poor health and retired from his profession as a pediatric medical doctor. He is presently living in a facility where he has a room and bath. At this facility he receives personal assistance (which he requires), and is furnished meals. The cost to the defendant at this facility is $1500.00 per month.
The plaintiff has virtually no assets other than a social security income of $91.16 per month.
The defendant receives a social security benefit of $305.12 per week. He has a one-half interest in the family home, which property is valued at $275,000.00 subject to a mortgage in the amount of $133,628.00. The plaintiff has a one-half interest in the home located at 627 Arrowhead Drive, Orange, Connecticut.
The defendant has an interest in a commercial real estate building at 415 Main Street, West Haven, Connecticut, wherein his equity is $48,343.00.
The defendant has assets in cash surrender value of insurance policies with New York Life, Phoenix Home Life, Prudential Insurance Co. and Cigna, the totality of which is $100,000.00.
The defendant has in his name an automobile which is used by the plaintiff.
The defendant has an account with a stock brokerage firm called Gruntal Company with holdings in various companies which holdings had a value of $164,219.00 as of October 11, 1996.
The responsibility for the breakdown of this marriage rests squarely with the defendant. He has been violent and abusive and has physically assaulted the plaintiff on many occasions.
The court has considered all the factors in Conn. Gen. Stat. §§ 46a-81 and 82 in determining what disposition is appropriate in this matter.
The court finds that the marriage has broken down irretrievably and enters the following orders:
1) The court finds the jurisdictional basis for the hearing of this matter. CT Page 6605
2) The marriage has irretrievably broken down.
3) A decree dissolving the marriage shall enter.
4) The real property known as 627 Arrowhead Drive, Orange, is to be conveyed to the plaintiff by the defendant, subject to the mortgage on said real estate in the amount as of this date.
5) The 1988 Ford is awarded to the plaintiff.
6) The furniture and household furnishings located at 627 Arrowhead Drive, Orange, are awarded to the plaintiff.
7) The real property known as 415 Main Street, West Haven, shall remain unto the defendant.
8) The defendant shall pay the legal fees of plaintiff incurred in this action up to an amount of $10,000.00.
9) The defendant shall pay to the plaintiff the sum of $160,000.00. It is contemplated by the court that the defendant raise such cash by the sale of his stock holdings and the taking of the cash surrender value of his insurance policies.
10) All personal property not enumerated herein shall remain the property of the respective owner and such property shall be turned over to its owner forthwith.
10) All orders contained herein are to be carried out forthwith.
Donald W. Celotto Judge Trial Referee